# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                              **4:17-CR-00185-01 SWW**

**HENRY LEES MOSS**

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 53) is DENIED.

## I.   BACKGROUND

On June 11, 2019, Defendant pled guilty to distribution of methamphetamine.[1]  On September 5, 2019, he was sentenced to 57 months in prison.[2]

## II.  DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and

---

[1] Doc. Nos. 36, 37.

[2] Doc. Nos. 56, 57.

1

compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4] Defendant requested compassionate release and the warden his request on May 7, 2020. Defendant asserts that he appealed the denial but has received no response. Because thirty days have passed since the appeal was submitted, the issue is properly before this Court.

In support of his motion, Defendant asserts is obese and has high blood pressure, which put him at a higher risk of suffering from COVID-19. First, these health conditions are not "extraordinary and compelling" reasons to support Defendant's release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5]

---

[3]18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

[5]Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at

Defendant's health conditions are not listed. Although Defendant has provided medical records, there is no evidence that his health conditions are severe enough to prevent him from independently functioning within the prison. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6] Third, Defendant is 36 years old and has served less than a third of his sentence, so he does not meet the age or served-time minimum requirements under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and the need for the sentence imposed to reflect the severity of the offense.

Defendant has four prior convictions. These include possession of defaced firearm, residential burglary, theft, and possession of cocaine. Notably, the drug conviction involved the same conduct as the instant offense. In fact, he committed the instant offense while on parole for a prior conviction.

---

least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

On three separate occasions in 2016, a confidential informant purchased methamphetamine from Defendant. Ultimately, Defendant was responsible for just over 55 grams of methamphetamine actual.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 53) is DENIED.

IT IS SO ORDERED, this 4th day of January, 2021.

Susan Webber Wright<br>
UNITED STATES DISTRICT JUDGE